NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORP., a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BUY MORE, INC., a California corporation, et al.,<br><br>    Defendants. | CASE NO.  CV 14-9697-R (PLAx)<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER |

    Before the Court is Defendants' Motion to Transfer Venue from the Western Division to the Southern Division of the Central District of California, which was filed on February 20, 2015. (Dkt. No. 31).  Having been thoroughly briefed by both Parties, this Court took the matter under submission on March 31, 2015.

    Under section 1404(a), a court may transfer a case to another district or division "for the convenience of parties and witnesses, in the interest of justice" when "it might have been brought there originally."  28 U.S.C. § 1404(a).  Transfer under § 1404(a) is discretionary.  *A.J. Indus. v. United States Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974).

There is a two part test for assessing a motion to transfer. First, the action sought to be transferred must be one that might have been brought in the transferee court. This means that "the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper." *E. & J. Gallo Winery v. F. & P.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citations omitted). Second, the court must exercise its discretion to determine whether the convenience of the parties and the interest of justice favor the transfer.

In exercising its discretion, the court should consider three factors: the convenience of the parties; the convenience of the witnesses; and the interests of justice. 28 U.S.C. § 1404(a). Courts have further broken down these factors to include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof. *Jones v. GNV Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The burden is on the moving party to demonstrate that the balance of convenience favors the transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1986). A transfer of venue is not appropriate unless the convenience and justice factors enumerated strongly favor venue elsewhere. *Pacific Car & Foundry v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal v. Commonwealth Edison*, 805 F.2d 834, 843 (9th Cir. 1986).

The Parties do not dispute that the instant action could have been brought in the Southern Division rather than the Western Division of the Central District of California.

Here, Defendants' argument is summarily that because Plaintiff did not affirmatively elect the Western Division and the majority of Defendants and key witnesses reside in the Southern Division, transfer is proper. This is not so. Defendants have failed to meet their burden.

1  Defendants have failed to identify any substantial burden that litigating in the Western Division
2  will impose.  Though they note their lack of offices, facilities, or employees in the County of Los
3  Angeles and claim that traveling to the Western Division to litigate will result in extreme and
4  unnecessary costs for Defendants, they have failed to demonstrate a reason why this is so.  Indeed,
5  as they assert, for purposes of venue and jurisdiction, the Defendants and key witnesses reside in
6  the County of Orange.  Accordingly, the burden on the Defendants or key witnesses to drive the
7  short distance to Los Angeles does not compel transfer.

   Additionally, even though Plaintiff did not elect the Western Division, the Southern Division has no more interest in adjudicating this action than the Western Division.  Both divisions are within the Central District of California and both divisions' courts are bound by the same precedent and serve the same Central District population.  Moreover, Defendants fail to even address ease of access to sources of proof.  However, just as with the key witnesses, there is no apparent reason that sources of proof in the Southern Division are difficult to access by those litigating in the Western Division.

   Finally, courts also consider public factors as opposed to private factors.  *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988).  These include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006).

   Because the two divisions are nearby, there is little, if any, difference in local interests or burdens.  Determinative here is the courts' congestion.  This case was assigned to the Western Division, despite Plaintiff noting over half of the Defendants reside in Orange County, specifically to ease the courts' congestion.  Thus, the public interest heavily favors denying the instant motion.

   **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer (Dkt. No. 31) is DENIED.

Dated: April 6, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

3